IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:07-177-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Emilio Bautista-Teran, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for a certificate of appealability, filed in conjunction with a Notice of Appeal. ECF Nos. 564 & 565 (filed Dec. 26, 2012).[1] Defendant's motion to vacate, filed pursuant to 28 U.S.C. § 2255, was denied by this court on November 12, 2009. ECF No. 512. Therefore, it appears that Defendant's appeal is untimely.

Defendant's "Motion to Obtain Certificate of Appealability" appears to be a motion to file a second or successive motion for relief under § 2255, which is filed in and acted upon by the Fourth Circuit Court of Appeals. *See* Motion at 1 (titled as to be filed in the "United States Court of Appeals for the Fourth Circuit," and seeking "a certificate of appealability *allowing him to file a second or successive Motion to Vacate, Correct or Set Aside a Sentence* for a person in federal custody.") (emphasis added).[2]

To the extent this is a motion to file a second or successive motion for relief under § 2255, this court is without jurisdiction to act on Defendant's motion, and it is, therefore, dismissed. To

---

[1]These filings were apparently made with the Fourth Circuit Court of Appeals, which forwarded them to this District and directed that they be filed in this Court. Both documents appear to be the same document.

[2]Moreover, the substance of the motion supports the conclusion that Defendant seeks to file a second or successive motion for relief under § 2255. *See*, *e.g.*, Br. in Support at 5 ("Mr. Bautista-Teran is seeking permission to file a successive '2255' whereby his valid legal arguments will [yield] a fair platform."); *id.* at 10 ("At a minimum, this court should allow Mr. Bautista-Teran to file a successive '2255' motion.").

the extent the motion could be construed as a motion for certificate of appealability, the governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 3, 2013